has been submitted on the briefs and record. So the next case for argument is Friedenberg v. Lane County. May it please the Court, Matthew Friedis for appellants Lane County, Lane County Mental Health, and the individually named defendants. I'd like to make three points, Your Honors. First, the district court below misinterpreted a 1995 amendment to the statute that extended the federal immunity at issue here to deemed public health service employees, which the Lane County defendants are. Second, recognizing, in a sense, the weakness of that position, both plaintiffs and the bases to uphold the district court's decision. Plaintiffs, for their part, argue that this case is not about the medical or related functions referenced in the immunity statute, 42 U.S.C. 233a, but rather other governmental functions like jailing functions or a government's responsibility for probation functions overseeing criminal defendants. For its part, the United States, not necessarily asserting that the underlying activities here cannot be covered, but rather that this particular set of deemed defendants did not ask the United States government for permission to engage in the conduct. So not that the conduct can't be covered, but it wasn't here because these defendants didn't ask the United States government ahead of time for permission to engage in, and the key phrase is, a jail diversion program. Well, both of those alternative bases are wrong. But starting with the district court's primary analysis that results in the wrong conclusion is the provision that it uses out of the FISCA, which is the Federally Supported Health Centers Assistance Act. That's the statute that extended the 1970 public health service immunity to deemed entities for the first time. When Congress did that in 1992 under the FISCA, the first version, there was no provision that the district court here below cites to change the immunity in section 233a. It didn't exist. It wasn't there. There was no perceived need for it. The reason it came about, far from being superfluous like the district court indicated below, was deemed defendants didn't have confidence in the immunity that they were supposed to be given, and there wasn't an application process like there is today, like there is as of 1995, in the beginning, in 1992. So there wasn't any way for the deemed defendants to say, hey, government, we'd like to engage in the following services, but they're outside the four walls of our clinics. You know, we know when patients come in through the front door, they're our patients, and we know that's what you want to cover us for. But what's less clear is when we go out into the public to migrant camps, to homeless shelters, to you're going to cover us for that. So what Congress did, because what it wanted was full participation in this program, otherwise it's not achieving the purpose that it was set out for, which is to steer money away from insurance companies for malpractice premiums and take that money and put it directly into health care. So Congress achieved that by making these entities deemed federal employees, so they had the protection that federal employees have under the public health service. So to maximize that participation, to eliminate that uncertainty that was discouraging health centers from fully participating, Congress came up with what the legislative history aptly refers to as procedural modifications, lots of them. The biggest one, or among the biggest ones, is an application process that didn't exist in 1993, created in 1995. And in that application process, Congress indicated that health centers would have the opportunity there to spell out those outside the four walls of the health center scenarios they could provide services. And then that was done. Let me interrupt you and have you address the other issue in this case, which is the court's jurisdiction, to hear this matter. I am looking at the notice of removal, and I don't know that this case was even removed under 1442. Can you address that issue? Yes, Your Honor. When the court directed the parties to brief the jurisdictional issue, the Ninth Circuit president, San Mateo B. Chevron, I believe, was in place. As of the briefs, however, the Supreme Court in BP versus City of Baltimore at all overturned San Mateo. So the decision that this court cited... We're familiar with the case law, counsel. And my question is really a factual one. In BP, there was really no question that the matter was, in fact, removed on the basis of Section 1442. Factually, I'm looking at the notice of removal here, and I'm not convinced that it was removed pursuant to 1442. Yes, Your Honor. I'm sorry I was taking too long getting to the nub of your question. So we do invoke 1442 three times. So many times that plaintiffs acknowledge that we invoke 1442. Well, you know, if you go to paragraph one of... Well, let's see. The number one paragraph in your notice of removal, it says, this action is properly removed under 42 U.S.C. Section 233L2. Yes, Your Honor. I believe it goes on to say that it's based upon other grounds in the petition. Actually, that's why I wanted to have you address it because it really, to me, I don't read it that way. It was cited, the provision, 1442, was cited three times in the notice of removal, but each time really as a basis for comparison to Section 233. So the first time it came up, as Judge Pius pointed out, is in paragraph one, by way of comparison. I think that's fair, Your Honor, two of the three were for comparison. Oh, sorry. Let me make my point, and then I'll give you plenty of time to respond. My apologies. So in paragraph one, it was cited as a comparison to Section 233, but not invoked as a basis of removal. The second time it came up was in paragraph two, cited for jurisdictional purposes, not as a basis of removal. And then paragraph 20, it came up again by way of comparison to 233. So I'll give you an opportunity to address those citations. Yes, Your Honor. I wouldn't disagree with your description of two of the references as comparative to another federal officer removal statute that was specific to deemed public health service employees. I think that comparison is important in that it's comparing two federal officer removal statutes that are designed for the same purpose. So it's not insignificant, but yes, it's comparative. The one in paragraph two under the jurisdictional section, pursuant to 1442 as one of the assertions, I would submit that removal jurisdiction under 1442 is all about the removal jurisdiction under 1442. It's a basis for a federal forum to review the availability of a federal officer immunity. So in hindsight, we should have said removed and invoked federal court jurisdiction pursuant to. But I don't think the standards for removal are so exacting. And I would note that the United States has invoked 1442 on behalf of deemed public health service employees all across the country in far more cursory ways, including the U.S. And in one paragraph with no context. What we have here, in addition to the invocations, we have a deeming, I'm sorry, a removal notice that is extremely detailed that makes it, I think, abundantly clear that we're invoking federal officer status for a federal officer immunity and trying to get into federal court to have a federal forum to challenge the government's refusal to honor that immunity. So that is something. Let me ask you a question about interpretation. Are we supposed to read the notice of removal strictly or? No, I believe you read it generous. How should we read it? I think you read it generously, Your Honor. I think there's plenty. I don't have the Ninth Circuit case at the tip of my tongue, but you read removals generously and you read the removal in favor. I'm sorry. You read petitions removal in favor of a federal forum when there's an invocation of a federal defense. So that's. Sorry, the name of the case is escaping me at the moment, but the, the jurisprudence around 1442 clearly favors a federal forum. I think the recent Supreme court case BP says that pursuant to 1442 just means, and that's a quote just means by reason of. And so here we're removing by reason of the statutes we cited, but more importantly, it's the substance. And I think there's, there's ample authority for merely the substance carrying the day. We wouldn't even have had to mention 1442 anywhere in the petition. If the substance demonstrated that what we're doing is invoking a federal forum for removal jurisdiction to assert a federal immunity. And I would note too, in the agent case out of the second circuit. Particular case that says that. You just have enough allegations. In the notice of removal that that's sufficient. Yeah, I believe that's indicated in the second circuit case. I was about to mention your honor. Agent versus Rasmus on there. The removal petition didn't cite 1442 in a comparably lengthy removal petition until the very last paragraph. And so the government made the argument suggested by your honor judge Nguyen. That you didn't really invoke it because it's not there. And the court had no trouble looking at the substance of the removal petition and seeing that what we invoked was 1442 and beyond that. From the substance. The second circuit determined that it's entirely proper. For a deemed public health service employee to invoke 1442. So not only did it sort of. Did the BP precedent get us into this court's jurisdiction. But even more so because we have authority on point that the government didn't challenge beyond the second circuit. Saying deemed public health service employees may invoke 1442. And there was no challenge to the timeliness of the removal. The removal issue is important in this case, but your time is running out. And I'd like you for a moment to to just address one of the concerns that I against the United States provide sections 1346 B 2672 for damages for personal injury, including death resulting from the performance of medical, surgical, dental or related functions. So the only clause there or provision there that applies in this case is related functions. That is. What happened here was a you know the tragedy beyond all description. And. You can't say that. The failure to notify. The municipal court or the court about him failing to comply with his mental health treatment program. Arose out of the performance of a medical, surgical or dental issue. So how does it relate. To. I guess his medical care. I would respectfully disagree, Your Honor. It absolutely is directly related to mental health services. Everything that the complaint describes with specificity as to the individual defendants goes directly to mental health and the related services and jail services in Oregon are described. The root of their claim, though, is that they failed to notify the court. Yes, Your Honor. That's the root of the claim. That's the negligence that they allege. Right. That allegation. Arises out of conduct and the immunity has to be determined based upon the conduct that actually took place. And here we've got a robust evidentiary record. Why is it why is it a related function to the medical care? In other words, let me ask you this. I don't want to get into the merits of their claim. I mean, they have a tough claim to begin with. I don't care whether they're in state court or federal court. They got a hard claim. But is there a duty that's that's related to the provision of medical care and the reporting? Yes, Your Honor. You know, I think the best example of this where a federal judge at the urging of the United States to everything I'm about to say is that the urging the United States, a federal judge in the Malay versus Hill Health Center concluded that the following functions were related to the services that the health center provides and a drug diversion program that was within the scope of its project. The discharge of the patient from the program for noncompliance, the reporting of the discharge to the court, the imposing of costs on the patient for failing to complete the program and therefore exposing himself to costs. And then the refusal to readmit the individual back into the program at the request of the court. All of those decisions were born directly out of what these individuals were doing in that case. They were providing drug therapy services to a patient. And so related to that, they had to deal with what to do with this patient vis-a-vis the criminal justice system. Every one of those functions I just described, which I think your question hypothetical would suggest they're not related functions. Every one of them were determined to be related functions in that case. And it was at the urging of the United States. Now it's not precedent. No, no, it's not. But I'm just trying to get your understanding of how this is related. The allegation, as I said, is that they didn't report his failure to comply. He didn't show up for his treatments. He didn't take his drugs, all this stuff. And they didn't notify the court. Yes, Your Honor. Is there a duty there? Your Honor, what there is, a question of duty goes to merits. Yeah, I understand that. Okay, so question of immunity would go to the conduct. And here, the conduct is an in fact determination where the parties present evidence. We did that. We don't rely upon plaintiffs' artful pleading and allegations only. The alleged duty, whether it actually exists as a matter of law or not, is born out of what did happen. And what did happen is these mental health care professionals who are 100% assigned to a deemed mental health clinic interacted with this person 100% for purposes of what they do for a living, mental health services. And then they exercised their judgment that he was actually complying with their program. This is really detailed, Bess, and I see I'm over my time. I would have loved to spend more time on this. Yes, our questions did take you over time. But this is an important case with a lot of issues to consider. Yes, Your Honor. So I'll put two minutes on the clock when you come back for rebuttal. If I could just make the reference to the record citation that I think would provide what I would otherwise want to say at length. And that's the declarations of Eric Morris and Julia Reutzel. Those two individuals detail the professional judgment they made that relates to your question, Your Honor, about duty and function. All right. Thank you. Thank you. All right, who's going to start us off? Mr. Ava? Go ahead. Unmute your mic, please. Oh, you're on mute. Good morning, Your Honors. May it please the court, counsel. There are two main issues here, Your Honors, and that is whether it's even proper to review this remand order and if that defendant's negligence occurred within the provision of services to its patient. So that they may be deemed employees of the public health services under 42 USC Section 233G. The answer to both is no. And unless the court invites or instructs otherwise, I'll start with the second question, the merits. Whether defendants can invoke the deemed employee provision of 233G at all. This is a simple matter of statutory interpretation, Your Honors. The Supreme Court instructs that we give meaning to the words chosen by Congress. 233A provides that the exclusive remedies against the United States for personal injury claims, quote, resulting from the performance of medical, surgical, dental, or related functions by any employee of the public health services. Here, defendants are not employees of the public health service. So we have to look elsewhere for their claimed immunity. And that's 233G, which is the deeming provision. And if they're a recipient of federal funding under 28 USC 254B, a 330 grant, they may be deemed an employee for the public health services, but not for all conduct, Your Honors. What we have here is under 233G, the conduct that they are deemed for is spelled out specifically by Congress to be, it shall apply with respect to services provided to patients. So our question is simple to be a deemed employee of the public health service. We ask, does the negligence claim arise in services provided to patients? Here, there is no claim that there's any negligent service to a patient. And that's in almost all cases under 233. What we see is negligent conduct arising in a service to a patient. Indeed, in every case that you'll see, Your Honors, the person who brings the claim is the patient. This is the first time strangers, absolute strangers to defendant are being told that they are somehow captured the negligence to them was somehow a service to a patient. That's an extreme interpretation. It's not in line with 233G and it makes sense that it has to be a service to a patient because the entire legislative history refers to medical malpractice insurance, not for all liability, but medical malpractice insurance. That's a special kind of insurance that's more expensive than the insurance that I have over my office. And also with the guidance documents from the federal government, the regulatory framework, they say, you still need your general liability insurance, but we're going to take care of your medical negligence insurance. Here, there is no claim for negligent provision of services to a patient. Indeed, there's no claim by a patient at all. Here, what we have is a negligence occurred when the county failed to notify a criminal court of a probationer's probation violation. This is a county that has law enforcement mechanisms, that has all sorts of mechanisms, building streets, and there's this overlap. It's called the jail diversion program. It's a way to jail persons who are recalcitrant to court orders. After being given an opportunity to receive treatment, there was no negligence that occurred within the provision of services to patients. So let me ask you a question. So related functions has to mean something. It's not the direct provision of medical services, which is covered adequately in that first clause. What does it mean, and why does it have to be so tied to provision of medical services that it would be deemed a provision of medical services? How far does this go? Well, I'll start with two answers. I'll interpret that phrase related for you, and then I'll talk about the interplay between 233G and 233A. Related, when it's used in the string list like you see there, what that shows is Congress's intent to deal with things prospectively that might be related, but they're not naming the right way. So you look back to medical function, surgical function, dental function, these provision of services to patients, and you say, well, if for some reason one of those aren't there but it's kind of related in there of this performance of that function specifically, then it captures within it. Now, the problem with defendant's argument is that they want related to remove all this text that Congress put in about medical functions, surgical functions. After all, the public health service, entire existence of being is related to medical functions. Why didn't Congress just write your exclusive remedy is for claims against employees of the public health services acting in the course and scope of their employment? That's what they did with the Westfall Act. But, no, they narrowed it down. But everything at PHS is related to a medical function, whether it's repairing the stairwell, whether it's hiring a janitor, whether it's driving a car to get to another place. Every single thing at the PHS is related to healthcare provision. But that's not the point. Congress used a limiting phrase, and you should interpret meaning into that limiting phrase. So related just means it's kind of like a way to just make sure that they've got it covered with regard to providing a medical care. And that is in line, Your Honor. When you're sitting there with these two choices, are you going to make it so related means that everything PHS does falls within this exclusive remedy provision, even though Congress put this clause here, right? We don't want to do that. We want to give meaning to these words. And related does not strip all that entire clause of meaning. And so, in essence, Your Honor, legislative history was about medical malpractice. It's about the provision of medical care. And it's about claims arising in the performance. That's acts and omissions during medical care. And so every single case that you're going to see is going to be related to that in the case law, Your Honors. I'll touch base briefly on question number two. Your Honors are absolutely right. There is an obligation of defendants to – let me take one quick step back. Under 233a and 233g, you have to understand that you have 233a as providing exclusive remedy for PHS employees. But 233g is like a Venn diagram. It's a smaller circle within that. Congress limited what could even be applied on 233a to deemed entities to only be with respect to services provided to patients. That's the textual command. And the U.S. government, the magistrate judge, the district judge, myself, we all interpreted that statute to mean just that. If this is not a provision, then that's an exclamation. It's not a provision of medical services to a patient or services to a patient, which this isn't. This is a larger social interest in jailing recalcitrant probationers. Then it does not fall under the deemed entity status. With regard to question number two about the remand review, the court is absolutely right. The defendant had the obligation to set forth a plain statement of the grounds for removal. It does do that plain statement. It's in paragraph one. And they say, this action is properly removed, that's the removal statement, under 42 U.S.C. 233L2. And then it goes on to compare that to 1442. But its plain statement of removal is that. And we were entitled to that notice being clear. When I did my motion to remand, I did not read that notice statement as a plain statement of 1442. I could not even see it. It's not apparent to me. And I had no opportunity even to move to remand under those grounds because it wasn't clear. I see that I'm over my time, Your Honors, and so I respectfully request that this court limit the application of the deeming provision and affirm the district court. All right. Thank you, counsel. This case has been stayed pending resolution of this appeal. Is that correct? Yes, Your Honor. All right. Thank you. Mr. Soder. Thank you. Good morning. May it please the Court, Kevin Soder from the Department of Justice for the Federal Government. I'm happy to spend some time addressing the merits of the district court's remand order, but I'd like to begin with the only issue that this court should reach, which is why it lacks jurisdiction, given the bar on this court's review under 28 U.S.C. section 1447D. Now, the Supreme Court's decision in BP was clear that the language of the statute says there is review for cases removed pursuant to section 1442, the Federal Office of Removal Statute, and this case wasn't removed pursuant to that for two reasons, both of which flow from the requirements of section 1446 in the removal provisions, which the Supreme Court made clear are mandatory in this context. One is that there is not adequate notice under section 1446A and D to allow for anyone reading this notice of removal to conclude that the case was actually removed pursuant to the Federal Office of Removal Statute. And, of course, the court was already reviewing the specifics of the notice of removal. I won't rehash all of those, but I'd like to make a couple of points. One is that if you look at one of these few references to the Federal Officer's Statute, one of these is in paragraph 20 of the notice of removal, and that's at page 183 of the excerpts of record. And I think this makes clear that beyond not invoking the Federal Officer's Statute, this is actually a disavowal of the Federal Officer's Statute because the county was aware that removal under that provision would have been untimely. And the way we can tell that is that the paragraph says that the last two sentences are to compare section 1442 to section 233L2 and say that the county is, quote, more generous than section 1442. And then it goes on to explain why by mentioning the timing provision of the Health Center Act removal provision, which is any time before trial rather than within 30 days. The other point that I'd like to make on this is to keep in mind that looking past even just the notice of removal, the question here that the county has raised is a suggestion that an objection was waived, but it's the county's waiver in district court that's much closer to a waiver in this case. It never asserted that the Federal Officer's Statute provides an independent basis for the district court to exercise jurisdiction over this matter, despite numerous opportunities to do so and despite numerous rounds of briefing on challenges to exercise of jurisdiction under the Health Centers Act. The first time the county made any substantive argument about Federal it was trying to get a stay pending appeal. And that's just a very different situation from the Aguin case from the Second Circuit that I heard Mr. Freitas rely on, in which the court there explained that the timeliness objection was waived in multiple ways that aren't applicable here, including that it wasn't raised until oral argument on appeal. And the court also explained that it reviewed the notice of removal in that case and found that the explanation that the case was removed pursuant to the Federal Officer Removal Statute was sufficient to create the exception to the bar on appellate review in Section 14. Let me ask you this. The same question I asked the county. How do we read these notices under our case law? Generously? Strictly? So this court's decision in Light v. Crane Company, I believe, lays out that the short and plain statement of the basis for removal is the language of the statute and is kind of an analogous standard to the Rule 8 standard for a pleading. And here that's not met when you look at this notice of removal, not only not relying on Section 1442, but affirmatively disavowing reliance on it because of this separate untimeliness defect. And it's important to keep in mind there are these two independent problems with this notice of removal. It's not just. The timeliness issue can always be weighed by the other side. So the cases that the other side is relying on for that proposition. I mean, the government. So his removal may have been untimely under 14, what is it, 1442? Is that it? Right. Yes, Your Honor. Okay. The government or the plaintiffs could waive that untimeliness objection. So I think it's important to keep in mind the cases in which that's said are cases about the limits on the district court's decision to remand a case sua sponte in excess of its jurisdiction under Section 1447C. This case is about the language of 1447D, which says that a case needs to be statute in the first place in order for there to be appellate jurisdiction. And the Supreme Court in BP made clear that the requirements of 1446, which specify both a notice requirement and a timeliness requirement, must be met in order for a case to be removed pursuant to 1442. And none of that is even disputed in this case. The only dispute is whether the unquestionably untimely removal in this case, despite not being timely, and despite that is still somehow enough or that the objection was somehow waived, even though it goes to this court's jurisdiction in a manner that's very different from the cases that the county is relying on. Now, I would like to make sure to address any questions that the court has about the merits as well. I think that sort of the main question that I was hearing come up was, what does this related functions mean? And I think there it's important to read this in context as a list. It says medical, dental, surgical, or related functions. I may have gotten dental and surgical in the wrong order, but the point is that you read that in context and let the items that come earlier in the list shed context on what comes later. And I think there are cases that say, for example, that a related function is something that's inextricably woven into a medical function. That's the district court case called Teresa T that we mentioned in our brief. And that's the type of relationship that is wholly absent here, where the theory is that the county and its employees needed to have better processes in place to alert the municipal court system that Mr. Bryant was in violation of his probation. The plaintiffs have made clear through their complaint. And again, through all of the briefing, including in this court that their theory has nothing to do with the quality of medical care that Mr. Bryant received. They say this, including at page 20 of their brief in this court, and they say it throughout their complaint. Well, the allegations in the complaint seem to suggest that the providers of treatment knew that he was violating the terms of his probation from the municipal court, right? Correct, Your Honor. And so the issue here is that the statute only provides coverage where there is the sort of the injury is arising from something like a patient provider relationship. And here the alleged omission and the alleged negligence is the failure to provide a service to the municipal court system, which is to notify them when one of the participants in this program is in violation of their role. That was all related to the provision of mental health care to him, his provision of medical, I mean, of medicine and whatnot, his meds. It was not related in the sense that the statute refers to, which is the statute is concerned with making sure that these deemed health centers have coverage for medical malpractice liability. That's within the scope of what they're being offered here. And that's clear through several portions of the statute. And in addition to the legislative history that Mr. Ivo was mentioning, you can see mention of medical malpractice liability coverage in both sections, two 33 and one D and G one G two of the statute. And it's well understood. And the County knew what it was getting here is medical malpractice coverage, not coverage for the risks that are entailed in deciding to administer a jail. Is it medical malpractice not to report child abuse? So I think those types of cases are different from this one for the reason that if you have something where someone is in the course of treating a patient, they become aware of an issue or a risk that, that requires that has some reporting obligation on them in their capacity as a, as a medical provider, that may well be one of those inextricably intertwined functions that's being addressed in some of those cases. But this case is about the entirely separate process of, of alleging that the County and its employees needed to have something set up to alert a municipal court system about violations of parole. And the fact that the County didn't mention anything about any of these, these functions and these processes that it was taken on in its grant application only reinforces the conclusion that it's not within the scope of the statute. And I do feel compelled to make clear those are two independent arguments. And, and I believe I heard counsel on the other side suggests that there is a suggestion that this case actually does fall within the scope of the statute on the part of the government. That is not the position that we have taken. And that's not the position explained in our brief. The government would say that, that where the plaintiff can establish an intricate relationship between the provision of care and the alleged negligence, then that would qualify. That's a real, that would, that would be a, that would be a related function. That's certainly the much closer to the type of thing that I think is potentially covered by this statute. The touchstone is this idea of a position patient relationship and that the coverage here is to replace medical malpractice, liability insurance and the types of claims that would be covered. And the covered entities are informed repeatedly that that's what they're getting. And I think that about the, this just, I think this is an interesting case, but you know, suppose during the medical, the mental health treatment or evaluation, whatever the guy says, I'm going to, I'm going to, I'm going to kill my mother. So that's again, does the doctor have an obligation to, you know, to alert the mother? If the injury that was claimed is that the doctor in her capacity as a doctor sort of is, has a duty that might be closer to sort of like a Tara soft style claim. If you imagine red flags being raised, that might rise, raise a duty. And that just reinforces how different this case is because the theory of negligence here is not that it's not that anything that should have been done during medical appointments or in connection with medical treatment in that way was done negligently. It's that when you are participating in this jail diversion program in a county with a municipal court system, you should have more safeguards in place to ensure that there are report is reporting of probation violations. Okay. And that's not the type of liability that the United States has assumed. I see I'm well over my time. Yeah. I'd like to just follow up there. I mean, I understand what's alleged here and what the negligence that is alleged, but is it possible to view this situation as a, a problem with the provision of medical services in that the, the, the people who are treating this individual didn't provide the kind of treatment that he needed. And therefore that led to the killings that occurred when he went off in his rampage. Is it possible to move this back into the direct provision of medical services because they obviously didn't treat him properly, obviously because he was, he was away from the clinic and not taking his meds, but still there might be a responsibility there on the part of the individuals treating him. So is it possible to move it back? Your honor, that's a sort of case that's just very different from the one the plaintiffs have said they're prosecuting here. I think for example, in their brief at page 20, what they say is they quote prosecute no claims that defendant was negligent in providing services to Bryant or caused injuries during those services. And that's also clear from the complaint itself. And, and I think that that's why this is not the type of case that could be covered under that. And reinforcing that is that there was this sort of this idea that they should have prescribed medications that they didn't is totally not a part of this case. This case is about as I think paragraph 48 of the complaint makes particularly clear. This is excerpts of record page 206, that if the county would quote would have repeat reported his repeated probation violations and refusal to take antipsychotic medication to the court, the public would have been protected from Bryant's psychosis either through the medication or through Bryant's jailing. And the sort of risk that a health center might have some role in caught in, in the causal chain that leads to someone not being put in jail as a result of probation violations is not the type of liability the United States was assuming in the statute and is not the type of liability that the county itself thought it was getting protection for when it submitted a detailed application for cover for, for grant coverage and for redeeming each year that made no mention of this separate jail diversion program. All right. Thank you very much. Counselor questions took you well over time, but I did promise Mr. Fetus a couple of minutes for rebuttal. So let's put two minutes on the clock for him. Thank you, your honor. So about five minutes, is that fair? Good. And I reserved three. Anyway, I'll do my best. Number one, you actually over time, but, Oh, I'm sorry. It's important. So I'm adding for you to present your rebuttal. Fair enough. I mean, it's interesting to hear how vigorously the United States and plaintiffs are working together.  it's interesting to hear that the United States doesn't have anything to do with mental health services, but they only name mental health providers of the County and they don't name any government official that would have a role outside of mental health. I'd say that number two, the Malay case that I recommended to the court, had an individual as a deemed. Federal employee who served the role as I quote court liaison. Where there was inter there's anticipated interaction between the mental health providers and the court on things like discharging someone from the program, whether they're complying with the program, the communication between that individual and the court, which is what. Plaintiffs are complaining was debt. Negligent here was deemed by the United States as a related function. And so again, interesting that the government didn't get into any of the Malay case in the case where they urged. Through pleadings and evidence. That the very functions that are being complained about here were related functions. On the jurisdiction piece. I do want to get to the point that your honor was asking about, about, you know, what is the standard and do I have any authority for the proposition that it's the substance that matters? I was right. It was the Rasmussen case that page one 47. Citing. Supreme court case Shamrock oil and gas. Three one, three us 100. And in that case, there's only one citation to 1442. This case there's three government council also said, and I think this is nearly a quote. The defendants never cited as a basis for jurisdiction, 1442. Well, if there's one thing we did correct in the government's eyes, it would have to be exactly the opposite of that. Because what we did at page or paragraph two was, was say. This court has jurisdiction pursuant to ellipses. 1442 a one. So we did exactly what government council said. We did not do as the basis for his jurisdiction. I just have one quick question for you. How do you, how do you respond to the government's argument that you were really what you were up to was trying to avoid the untimeliness of your removal. Not at all. Your honor. What we were, and we were not disavowing 1442 by any stretch. We were acknowledging that L two two 33 L two, which was specifically enacted as an officer removal statute for deemed officers was more generous in a couple of senses. One being the timing to the other piece where it's not as generous as in the way it interacts with 1447, which is this, which governs this court's jurisdiction. So we were just laying it out on the table to say 1442, not as generous as L two, Because it doesn't have this any time before trial deadline. It has a deadline. And everyone who does removal jurisdiction knows 1446 is the person, the procedure that deals with opposition. So if you're a plaintiff's counsel and you don't want to be in federal court, And you have a procedural objection, you make it in 1440s under 1446, within 30 days in a remand motion, or you wave it period, hard stop. That happened here. If plaintiffs didn't read the removal petition closely and see that express invocation for jurisdiction, that's not the defendant's fault. That's on the plaintiffs. So I would, I would also have your argument unless the panel has any additional questions. All right. Thank you very much. Thank you. For your argument in this case, the matter is submitted.
judges: PAEZ, NGUYEN, Tunheim